○ PRENDERGAST *v.* PERKINS.

To authorize a purchaser to resist payment of the price, or to require security against eviction, he must show either that his vendor had no title to the property sold, or that he has been disquieted in his possession, or has just reason to apprehend that he will be disturbed. C. C. 2535.   C. P. 710.

APPEAL from the District Court of East Baton Rouge, *Boyle,* J.   G. S. Lacey, for the appellant.   *Elam,* for the defendant and intervenor.   The judgment of the court was pronounced by

KING, J.   This suit was instituted originally against *Perkins* alone, as the endorser of a promissory note, of which *Beaumont* is the maker.   *Perkins* denied that the plaintiff was the owner of the note, and alleged that it belonged to her husband, *Thomas Prendergast*; that it was given for a part of the price of a tract of land, sold to *Beaumont,* which was found to be largely deficient in quantity; that the note was received by plaintiff after its maturity, and is subject, in her hands, to all equitable defences; and he pleaded a failure of consideration. *Beaumont,* the maker, intervened in the suit, and adopted the defences set up by *Perkins ;* and further alleged, that he had been disturbed in the possession of the land for which the note was given ; that, at the time of the sale to him, there were outstanding titles superior to those of his vendor; and that he had been compelled to institute a suit to test the validity of his title, to which his vendors, *Prendergast* and *Branagan,* had been made parties, as warrantors.   He prays that, in the event of a judgment being rendered in favor of the plaintiff, its execution may be suspended, until security be furnished against the consequences of eviction.   Issue was joined upon the intervention of *Beaumont,* and a judgment against him prayed for.   A judgment was rendered against both the maker and endorser ; but the plaintiff was required, before issuing execution, to furnish the security asked for by the defendant and the intervenor.   The plaintiff has appealed, and complains of that part of the decree of the court below requiring her to furnish security.

It appears from the evidence, that the plaintiff was a creditor of her husband for a sum exceeding the amount of the note sued on, for her paraphernal effects, received by the latter, and that the note was transferred to her for the purpose of replacing those effects.   The testimony satisfies our minds also, that *Prendergast* was the owner of the property for which the note was given, up to the date of the sale to *Beaumont;* that he was in reality the vendor of *Beaumont,* acting through *Branagan,* who was a person interposed ; that the note sued on was executed for his benefit; and that it went into the hands of the plaintiff, after maturity, under circumstances which left it open to such equitable defences, if any such existed, as are available against a party receiving a note after maturity.

<div style="float:right">PENDERGAST<br>v.<br>PERKINS.</div>

In order to authorise the defendant and the intervenor to resist payment, or require security, it was incumbent on them to show, either that the vendor was without title to the property sold, or that the purchaser had been disquieted in his possession, or had just reason to fear that he would be disquieted. C. C. art. 2535. C. P. art. 710. *Pepper* v. *Dunlap*, 9 Rob. 283.

The only evidence relied on in support of the plea that there are outstanding titles to the land, superior to those of the vendors, *Prendergast* and *Branagan*, or that the purchaser has been disquieted, is the record of a suit instituted by *Beaumont* against *Labauve* and others, for the purpose of testing the validity of their respective titles, and the pleadings in that suit allege no better title in the defendants. The defendants, *Labauve* and others, have not joined issue in that cause, nor, as far as we are informed, do they deny the validity of *Beaumont's* title. The defendant, intervenor in the present suit, has not produced the titles under which it is alleged that *Labauve* and others claim, if any such exist, whereby we would have been enabled to determine whether they interfere with *Beaumont's* claim. The defendant and intervenor have clearly failed to show any of the circumstances which would authorise them to suspend the payment of the note, or to require security against eviction before paying it.

It is therefore ordered that so much of the judgment of the District Court as decrees that no execution issue on said judgment, until the plaintiff furnish bond, with good security, to refund the principal, interest and costs of said judgment to the defendant and intervenor, should the suit of *Thos. Beaumont* v. *Joseph Labauve et al.*, No. 801, now pending before the Fourth District Court of the parish of West Baton Rouge, be decided adversely to the claim of *Thos. Beaumont*, be avoided and reversed. In other respects said judgment is affirmed, the appellee paying the costs of this appeal.